[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 31, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-13307
Non-Argument Calendar

_____

Agency No. A98-565-002

DONG LIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 31, 2008)**

Before BIRCH, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Dong Lin, a native and citizen of China, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the Immigration Judge's (IJ) order of removal. Lin contests the BIA's adverse credibility determination on the grounds he adequately explained the apparent discrepancies in the record.[1]

We review the BIA's decision, except to the extent it expressly adopts the IJ's opinion. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). We "will not reverse unless the record compels a contrary conclusion." *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1006 (11th Cir. 2008).

We review factual determinations under the substantial evidence test, which requires us to "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (*en banc*). We "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* at 1027 (quoting *Al Najjar*, 257 F.3d at 1283-84) (internal quotation marks omitted).

Credibility determinations are reviewed under the substantial evidence standard. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006).

---

[1]Lin also argues the IJ erred in making several alternative findings that would also have had the effect of denying his claims. The BIA did not address those findings, instead limiting its opinion to the credibility determination. Because we deny Lin's petition for review, the IJ's alternative findings are moot.

"Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." *Id.* We do not substitute our judgment for that of the factfinder. *Id.* Once the factfinder has made an adverse credibility finding, the applicant bears the burden of showing the finding was not supported by specific, cogent reasons or was not based on substantial evidence. *Id.* An adverse credibility determination alone can be sufficient to support a denial of asylum, unless the applicant submits corroborating evidence beyond his own testimony. *Id.* (quoting *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005)).

The REAL ID Act of 2005 states factfinders are to consider the totality of the circumstances when making credibility determinations. 8 U.S.C. § 1158(b)(1)(B)(iii). Those circumstances can include the witness's demeanor, candor, and responsiveness, the inherent plausibility of the account, the consistency among and within all oral and written statements and other evidence, and any inaccuracies and falsehoods in the statements. *Id.* These determinations are to be made "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." *Id.*

Litigants are to "be held accountable for the acts and omissions of their chosen counsel." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. LP*, 113 S. Ct. 1489, 1499 (1993).

3

The BIA discussed two principal pieces of Lin's testimony in upholding the adverse credibility determination: (1) the police searched for Lin at his parents' home after he left for the United States, and (2) he went into hiding in Fuzhou City following the bookstore raid that would have revealed his involvement in selling prohibited Falun Gong literature. Lin has offered no explanation for why neither his asylum application nor the detailed letter from his father referred to the alleged searches of his parents' home. He also has not explained why his asylum application indicates he remained at the family home in Guantou following the bookstore raid and makes no mention of hiding in Fuzhou City. In addition, he could not explain why he waited until being cross-examined at the asylum hearing to mention Fuzhou City; his argument he did not discuss it on direct examination because his attorney did not elicit the information from him is unavailing. *See Pioneer Inv. Servs. Co.*, 113 S. Ct. at 1499.[2] Lin has therefore failed to carry his burden of demonstrating the adverse credibility determination was not based on specific, cogent reasons or on substantial evidence. The record does not compel

_____

[2] Lin's remaining arguments with respect to the credibility determination only relate to findings by the IJ the BIA did not ultimately rely upon in its opinion. As such, we do not review them. We also do not address whether other evidence in the record could have been sufficient to prove his claim of being perceived as a Falun Gong practitioner, as he has offered no argument on this issue apart from the single, general statement"[h]is testimony was . . . corroborated by background evidence, identity evidence, and corroborative affidavits." *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam).

the conclusion Lin's testimony was credible.  Accordingly, we deny Lin's petition for review.

**PETITION DENIED.**